DOUCET, Judge.
Plaintiff, Louis Pete, filed suit after a 1963 Plymouth he allegedly owned was towed from the street in front of his home to allow passage of a house being moved by Duhon House Movers. Named defendants were the City of Lake Charles and Hubert *618 C. Gann, d/b/a Gann’s Wrecker Service. Plaintiff’s claim against Duhon House Movers was compromised. After trial on the merits, the trial judge found plaintiff had released all parties and, further found plaintiff failed to establish damages. Plaintiff appeals from the dismissal of his demands. We affirm.
The trial judge described the removal of the vehicle as follows:
“The evidence discloses that the house movers, Duhon House Movers, was trying to get a large house down St. John Street, and this vehicle was blocking the way, and it became necessary to get it out of the way to keep from blocking traffic on Enterprise Boulevard and so on. Mr. Hartnett, Dennis Hartnett, with the City Police, was escorting the house movers that day and attempted to locate the owner and was unable to do so; he was told by by-standers or neighbors that the owner was not around and that the car had not moved or been driven recently or for some time, and so an attempt was made to move it out of the way on the driveway, and in doing so, the wheel fell off. According to the testimony of the officer, there was pine needles underneath the vehicle, it was dirty, there was dust inside on the dash, the vehicle had the push-button type of shifting device and some of the wires were hanging down; there was no license plate on the rear of the vehicle, and when the wheel fell off, they were unable to move the vehicle, and Gann’s Wrecker Service was called via radio from the police station, and he had the vehicle taken to his yard where it was stored. Mr. Pete believes the vehicle had been damaged, and other witnesses, Mr. Gann and Mr. Hartnett, said they didn’t know of any damage, although they knew about the wheel and the shifting mechanism and all that. Mr. Pete testified that when he bought this car by bill of sale dated September 13, 1980, the seller did not sign or the owner did not sign the bill of sale, that it was signed by her son, and that the actual owner was a very elderly lady, and he has testified that she is dead now. He also testified that he paid $350.00 for it; however, the bill of sale says it’s $100.00. The answers to interrogatories, which have been filed in the record, also show $100.00..
Defendant Gann filed peremptory exceptions of no cause of action and no right of action, the latter being premised upon plaintiff’s lack of registration of the vehicle and failure to establish title thereto. In addition, Gann asserted an affirmative defense of release based upon the settlement executed between plaintiff and Duhon House Movers. Defendant City of Lake Charles asserted similar defenses and denied that Officer Dennis Hartnett was acting within the course and scope of his employment with the City Police Department. Furthermore, the City alleged in answer that the automobile was an abandoned vehicle within the context of Lake Charles City Ordinance Sec. 20-77, therefore the removal was permissible by law.
The release executed between plaintiff and Duhon Home Movers discharged the latter and “its agents ... and all other persons, firms, corporations,” etc. At the end of the form release was typed: “Louis Pete agrees to hold Edward Duhon, d/b/a Duhon House Movers harmless from any claims made by the City of Lake Charles or Hubert C. Gann, d/b/a Gann’s Wrecker Service. Louis Pete reserves his rights against any other parties.” In addition to the recited consideration of ten dollars ($10.00), Duhon paid the wrecker’s towing fee and plaintiff testified that Duhon provided extensive repairs to his mother’s house, which had “fell off of blocks”, in settlement of plaintiff’s claim.
When asked whether plaintiff had retrieved his car, Mr. Gann testified that plaintiff informed him that he didn’t want it back, that he wanted to be paid instead.
We find that the trial judge properly dismissed plaintiff’s claims against the City. The record discloses that the only connection with said defendant and the action complained of was that an off-duty officer, Dennis Hartnett, in his capacity as *619 an employee of Duhon House Movers, requested that a wrecker be dispatched to remove the vehicle blocking the moving of the house. Mr. Hartnett was acting as an agent of Duhon House Movers within the terms of the settlement. Under these circumstances, plaintiff is precluded from recovering damages from the City.
Moreover, it is axiomatic that the burden of proof is upon the plaintiff to establish damages by a preponderance of evidence. We agree with the trial judge that the plaintiff in the instant case failed to sustain his burden. According to neighbors the car had not been moved for some time and the residue of dirt deposited inside the open car, as observed by Mr. Hartnett, supports the conclusion it was not in operating condition. Plaintiff admitted the lug nuts were off one wheel, thus causing it to fall off when the movers attempted to get the car out of the way. The wires of the push-button type transmission were detached and hanging loose, there was no license plate, no battery, the tires were bald and one was flat. There was testimony to the effect the vehicle wouldn’t pass inspection. Furthermore, plaintiff’s responses as to the price paid for the car were inconsistent; his answer to an interrogatory listed the price as $100.00, as did the Bill of Sale, whereas in court he stated he paid $350.00. Furthermore, the evidence is lacking as to any efforts by plaintiff to mitigate his damages.
In conclusion, we find plaintiff failed to establish damages in excess of the consideration received by settlement. Accordingly, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.